

**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | SOP Scan - St. Paul<br>SOP - PowerBrief - Wilmington<br>Sop - Scan<br>Suite 400 2711 Centerville Road<br>Wilmington, DE 19808 |
| Copy of transmittal only sent to: | SOP Coordinator |
| Entity: | St. Paul Fire and Marine Insurance Company<br>Entity ID Number  1722063 |
| Entity Served: | St. Paul Travelers |
| Title of Action: | Vitalis Nwanyanwu vs. St. Paul Travelers |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Superior Court, Civil Division , District Of Columbia |
| Case Number: | 05-0009150 |
| Jurisdiction Served: | District Of Columbia |
| Date Served on CSC: | 12/06/2005 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | George H. Smith<br>301-474-4700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

CA Form 1

## 𝔖uperior 𝔠ourt of the 𝔇istrict of 𝔠olumbia

### CIVIL DIVISION
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001  Telephone: 879-1133**

05-0009153

VICTOR T. LYLES

*Plaintiff*

vs.

Civil Action No. _____

ST. PAUL TRAVELERS

*Defendant*

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

George M. Smith, Esquire
_____
Name of Plaintiff's Attorney

By _____

4701 Melbourne Place
_____
Address                                                     Deputy Clerk

College Park, Maryland 20740

(301) 474-4733
_____     Date _____
Telephone

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

### NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

IMPORTANT:  IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.





# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VITALIS NWANLYANWU
   Vs.                              C.A. No.     2005 CA 009150 B
ST PAUL TRAVELERS

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MICHAEL L RANKIN
Date:  November 23, 2005
Initial Conference: 9:30 am, Friday, February 24, 2006
Location:  Courtroom 519
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VITALIS NWANYANWU                                        :
5035 Garrett Avenue                                      :
Beltsville, Maryland                                     :
                                                         :          05-0009150
        Plaintiff                                        :
                                                         :
v.                                                       :          Civil Action No. _____
                                                         :
ST. PAUL TRAVELERS                                       :
P. O. Box 17158                                          :
Baltimore, Maryland 21297-1158                           :
                                                         :
        Defendant                                        :
                                                         :
SERVE                                                    :
        Corporation Service Company                      :
        2090 Vermont Avenue, N.W., Suite 430             :
        Washington, D.C. 20005                           :
                Registered Agent                         :

## COMPLAINT
### (Breach of Contract; Fraud)

COMES NOW, Plaintiff, Vitalis Nwanyanwu, by his undersigned counsel, Blair & Lee, P.C.

and Walter L. Blair, Esquire and George H. Smith, Esquire, herein sues the Defendant as follows:

### JURISDICTION

1.      Jurisdiction of the Court is founded on D.C. Code § 11-921, *et seq.* (1981 ed.), as

amended.

2.      All acts set forth in the Complaint occurred within the confines of the District of

Columbia.

### PARTIES

3.      At the time of the acts set forth in the Complaint, Plaintiff was a resident of the

District of Columbia residing at 3617 New Hampshire Avenue, N.W., Washington, D.C. and had

a home owner insurance policy with Defendant, St. Paul Travelers Insurance.

4.    Defendant, St. Paul Travelers Insurance, was authorize to issue home owner policies

to residents of the District of Columbia and issued a policy to Plaintiff for the premises known as

3617 New Hampshire Avenue, N.W., Washington, D.C.

## COUNT ONE

### (Breach of Contract)

5.    Plaintiff purchased a homeowner insurance policy from the Defendant for the

premises known as 3617 New Hampshire Avenue, N.W., Washington, D.C.

6.    On February 23, 2004 Plaintiff's home was destroyed by fire.

7.    By letter dated June 28, 2004 Defendant notified Plaintiff that the full replacement

cost (RCV) of his home was $67,730.05.

8.    On June 24, 2005 Plaintiff submitted his Sworn Statement In Proof of Loss stating

the Actual Cash Value of his home at the time of loss was $600,000.00 and claimed $198,450.00

under his policy for the repair of his home.

9.    Plaintiff, in addition to residing in the basement level of his home, rented out the

upper level of the premises earning rental income.

10.    Despite repeated demands, Defendant has refused to honor Plaintiff's claim as set

forth in the Statement In Proof of Loss.

11.    Defendant's refusal to honor the Sworn Statement In Proof of Loss constitutes a

breach of the contract to provide insurance for the premises known as 3617 New Hampshire Avenue,

N.W., Washington, D.C.

WHEREFORE, Plaintiff prays for judgment against Defendant in the amount of THREE

MILLION ($3,000,000.00) compensatory damages, and such other relief the Court shall deem fit.

## COUNT TWO

### (Negligent Infliction of Emotional Distress)

12.    Plaintiff incorporates, by reference, paragraphs One through Eleven of the Complaint.

13.    Plaintiff's sole residence was the premises known as 3617 New Hampshire Avenue, N.W., Washington, D.C.

14.    Defendant's breach of contract as set forth in the Complaint deprived Plaintiff of a place to live, precipitated the breakup of his marriage and caused him to become homeless.

15.    Defendant's actions as set forth in the Complaint caused Plaintiff to suffer and continue to suffer distress and pain and suffering resulting in his seeking treatment with medical facilities and physicians.

16.    That at all times pertinent herein, Plaintiff, acted reasonably, carefully and prudently and in no way contributed to his damages as set forth in the Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant in the amount of THREE MILLION ($3,000,000.00) compensatory damages, and such other relief the Court shall deem fit.

## COUNT THREE

### (Negligence)

17.    Plaintiff incorporates by reference paragraphs one through 16 of the Complaint.

18.    Defendant issued to Plaintiff a homeowner policy under the insurance laws of the District of Columbia.

19.    Defendant owed Plaintiff a duty to adjust his home owner's claim in a reasonable and prudent manner.

20.    Defendant breached its duty by assessing the value of the demised premises known as 3617 New Hampshire Avenue, N.W., Washington, D.C. at a rate so low as to be out of line with comparable homes then and there in existence at th time fo the loss.

21.    The negligently undervalued assessment of Plaintiff's property resulted in Defendant assessing the repair amount of the premises to be $67,730.05 which was inadequate and made it impossible for Plaintiff to repair the premises.

22.    That at all times pertinent herein, Plaintiff, acted reasonably, carefully and prudently and in no way contributed to his damages as set forth in the Complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant in the amount of THREE MILLION ($3,000,000.00) compensatory damages, and such other relief the Court shall deem fit.

Respectfully submitted,
Blair & Lee, P.C.

By:    _Walter L. Blair_

Walter L. Blair, Esquire
D.C. Bar No. 471057


George H. Smith, Esquire
D.C. Bar No. 358866
4701 Melbourne Place
College Park, MD 20740
(301) 474-4700
*Counsel for Plaintiff*

GHS/kw C:\My Documents\SMITH, GEORGE\Vitalis Complaint w6.wpd

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VITALIS NWANYANWU                         :
5035 Garrett Avenue                       :
Beltsville, Maryland                      :
                                          :
      Plaintiff         :
                                          :
v.                                        :
                                          :        Civil Action No. _____
ST. PAUL TRAVELERS                        :
P. O. Box 17158                           :
Baltimore, Maryland 21297-1158            :
                                          :
      Defendant.        :
                                          :
                                          :

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO        :    DEFENDANT, ST. PAUL TRAVLERS

FROM      :    PLAINTIFF, VITALIS NWANYANWU
               c/o Blair & Lee, P.C.
               4701 Melbourne Place
               College Park, MD 20740

### INSTRUCTIONS

Plaintiff, Vitalis Nwanyanwu, by his counsel, hereby requests that the Defendant, St. Paul
Travelers answer the following Interrogatories under oath, separately and fully within thirty days
(30) days of the time of service in accordance with Rule 26 and 33 of the Superior Court Rules of
Civil Procedure.

### DEFINITIONS

(a)      The term "incident" shall refer to the entire series of interactions between Plaintiff,
Vitalis Nwanyanwu and St. Paul Travelers and or any other employees of St. Paul Travelers as
described in the Complaint.

(b)     The term "document" shall have the meaning set forth in Rule 34 of the Superior Court Rules of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitations, originals, non-identical copies, drafts, or electronic or computer data storage.  "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

(c)     The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

(d)     The term "identify" or "identity" when used with respect to documents is a request for you to supply the date of the documents, the author, the addressee, if any, the length in pages, the title and a brief description of the contents of the documents.

## INTERROGATORIES

### INTERROGATORY NO. 1

1.     Please state your full legal name.

### INTERROGATORY NO. 2

2.     Please set forth the full legal address, including post office box numbers, if applicable, of your primary corporate headquarters.

### INTERROGATORY NO. 3

3.     Please state whether you have been licensed and/or qualified to issue insurance within the District of Columbia.

### INTERROGATORY NO. 4

4.    If your answer is in the affirmative, please further set forth:

(a)    the date upon which you were qualified or licensed to issue insurance in the District of Columbia;

(b)    the date that nay application for qualification and/or license was filed with the insurance commissioner of the District of Columbia.

(c)    the application number assigned to such application, if applicable;

(d)    the nature and/or lines of insurance that you are permitted to issue within the District of Columbia;

(e)    Any qualifications, limits, or restrictions imposed upon your ability to issue such insurance within the District of Columbia.

## INTERROGATORY NO. 5

5.    Please state whether you received notice of a claim tendered by Nwanyanwu Vitalis for payment of benefits allegedly payable under the terms of policy number 0B1661-948274484

If your answer is in the affirmative, please further set forth:

(a)    the date upon which you first received such claim;

(b)    whether such claim was presented orally or in writing;

(c)    the name, business and residence address, and telephone number of the person or persons who first transmitted notice of such claim to you;

(d)    whether you received a written proof of claim relating to such claim;

(e)    the name, business address, and telephone number of the current custodian of any writing relating to any such claim; and

(f)    the name, business and residence address, and telephone number of each

person who received a notice of each such claim.

**INTERROGATORY NO. 6**

6.    Please set forth each and every fact transmitted to you by Nwanyanwu Vitalis as a basis for the claim for policy benefits tendered by said person.

**INTERROGATORY NO. 7**

7.    As to each fact identified in your answer to the foregoing interrogatory, please further set forth:

(a)    the name, business and residence address, and telephone number of any person known to you who possesses or claims to possess knowledge of any such fact;

(b)    an identification, with such particularity as you would require in a motion to produce, of each and every writing relating to each such fact;

(c)    the name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**INTERROGATORY NO. 8**

8.    Please state whether you paid benefits under policy number 0B1661-948274484 in response to the claim for benefits tendered by Nwanyanwu Vitalis.

**INTERROGATORY NO. 9**

9.    Please state each and every fact relied upon by you in determining to withhold the payment for the claim tendered by Nwanyanwu Vitalis for benefits under policy number 0B1661-948274484.

**INTERROGATORY NO. 10**

10.    As to each fact identified in your answer to the foregoing interrogatory, please

further set forth:

(a)    an identification of each person who possesses or claims to possess knowledge of any such fact;

(b)    an identification, with such particularity as you would require in a motion to produce, of any writing relating to each such fact;

(c)    the name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory;

(d)    the date upon which you became aware of such fact and the means by which you became aware of each such fact.

## INTERROGATORY NO. 11

11.    Please state whether you determined that some portion of the loss tendered by Nwanyanwu Vitalis under policy number 0B1661-948274484 was compensable under the terms of said policy.

If your answer to the foregoing interrogatory was in the affirmative, please set forth:

(a)    the nature and extent of each such loss which you determined to be compensable;

(b)    whether you communicated such determination to the insured;

(c)    the dollar amount which you contend was payable for those portions of said loss which you determined to be compensable;

(d)    whether you tendered such payment; and

(e)    if you did not tender such payment, the reason that you did not tender such payment.

**INTERROGATORY NO. 12**

12.    If your answer to interrogatory number 11 was in the affirmative, please further set forth:

(a)    the nature and extent of each loss which you determined to be non-compensable;

(b)    the name, business and residence address, and telephone number of each person who participated in such determination;

(c)    each and every fact or circumstance upon which you relied in making such determination;

(d)    the name, business and residence address, and telephone number of each person who possess or claims to possess knowledge of any such fact or circumstance;

(e)    an identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such fact or circumstance; and

(f)    the name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**INTERROGATORY NO. 13**

13.    Did you establish a claim file upon receipt of the claim tendered by Nwanyanwu Vitalis?

If you answer to the foregoing interrogatory was in the affirmative, please further set forth:

(a)    the date upon wheih such claim file was established;

(b)    the claim number assigned to such file, if any;

(c)    the persons or person who were assigned primary responsibility for the administration of said file; and

(d)    the name, business and residence address, and telephone number of the present custodian of such claim file.

## INTERROGATORY NO. 14

14.    Please state whether, upon receipt of the claim tendered by Nwanyanwu Vitalis under policy number 0B1661-948274484, any particular person or persons were assigned to investigate the facts or circumstances of said loss or claim.

## INTERROGATORY NO. 15

15.    If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

(a)    the name, business and residence address, and telephone number of each such person or persons;

(b)    the date that such person or persons were assigned;

(c)    the means or manner by which such person or persons were selected;

(d)    an identification, with such particularity as you would require in a motion to produce, of each and every writing relating to such assignment; and

(e)    the name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

## INTERROGATORY NO. 16

16.    At the time that you received notice of the claim tendered by Nwanyanwu Vitalis for the payment of benefits under policy number 0B1661-948274484, did you maintain any manual, protocol, instruction booklet, or similar writing setting forth your procedures for the

investigation of such claims?

## INTERROGATORY NO. 17

17.    If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

(a)    the name or title of any such manual, protocol, instruction sheet, or other writing;

(b)    the name, business address, and telephone number of any person known to you who participated in assembling such manual, protocol, instruction sheet, or other writing;

(c)    the name, business and residence address, and telephone number of the present custodian of any manual, protocol, instruction sheet, or other writing;

(d)    whether, to your knowledge, the person or persons assigned to investigate the facts and circumstances of the subject claim complied with the provisions of such manual, protocol, instruction sheet, or other writing; and

(e)    if said persons did not comply with such provisions, the reasons known to you that they did not do so.

## INTERROGATORY NO. 18

18.    Did you conduct an investigation of the factual basis for the claim for benefits under policy number 0B1661-948274484 tendered by Nwanyanwu?

## INTERROGATORY NO. 19

19.    If your answer to the foregoing interrogatory was in the affirmative, please set forth:

(a)    the date or dates that such investigation was conducted;

(b)    each and every step taken by you to investigate the factual basis of said

claim;

        (c)     whether such investigation and the fact thereof is reflected in any writing;

        (d)     the name, business and residence address, and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

        (e)     the date or dates upon which such investigation was concluded.

**INTERROGATORY NO. 20**

20.    In conducting your investigation of the facts which from the basis for the claim for benefits tendered by Nwanyanwu Vitalis under policy number 0B1661-948174484 did you identify any person who possess or claims to possess knowledge of such facts?

**INTERROGATORY NO. 21**

21.    If your answer is in the affirmative, please further set forth:

        (a)     the name, business and residence address, and telephone number of any such person;

        (b)     the nature of any knowledge possessed or allegedly possessed by such person, if known to you;

        (c)     an identification with such particularity as you would require in a motion to produce, of each and every writing relating to such person, or any knowledge possessed or allegedly possessed by such person; and

        (d0     the name, business address and telephone number of the present custodian of any writing identified in your answer to the foregoing subpart of this interrogatory.

**INTERROGATORY NO. 22**

22.    Please state whether, in your investigation of the facts which form the basis for the

claim for benefits tendered by Nwanyanwu Vitalis under policy number 0B1661-948274484 you obtained any statements in any form, from any person, regarding any such facts.

## INTERROGATORY NO. 23

23.    If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

(a)    the name, business and residence address, and telephone number of the person who gave such statement;

(b)    the date upon which such statement was taken;

(c)    the name, business and address, and telephone number of the person who took such statement;

(d)    the type of statement, whether oral, written, or recorded; and

(e)    the name, business address, and telephone number of the present custodian of any statement referred to by you in your answer to the foregoing subparts of this interrogatory.

## INTERROGATORY NO. 24

24.    Please state whether, in your investigation of the facts giving rise to the claim for benefits tendered by Nwanyanwu Vitalis under policy number 0B1661-984274484, you obtained all information which was reasonably available to you prior to your determination to deny payment of Plaintiff's claim set forth in his Proof of Loss.

## INTERROGATORY NO. 25

25.    If your answer to the foregoing interrogatory is in the affirmative state all the information available to you at the time the determination was made.

## INTERROGATORY NO. 26

26.    Please identify each and every person known to you who participated in the

determination to deny payment of the subject claim as set forth in Plaintiff's Proof of Loss.

Respectfully submitted,
BLAIR & LEE, P.C.

Walter L. Blair, Esquire


George H. Smith, Esquire
4701 Melbourne Place
College Park, Maryland 20740
(301) 474-4700

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

VITALIS NWANYANWU                           :
5035 Garrett Avenue                          :
Beltsville, Maryland                         :
                                             :
            Plaintiff                        :
                                             :
v.                                           :
                                             :      Civil Action No. _____
ST. PAUL TRAVELERS                           :
P. O. Box 17158                              :
Baltimore, Maryland 21297-1158               :
                                             :
            Defendant.                       :
                                             :
                                             :
_____:

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO        :      DEFENDANT, ST. PAUL TRAVLERS

FROM      :      PLAINTIFF, VITALIS NWANYANWU
                 c/o Blair & Lee, P.C.
                 4701 Melbourne Place
                 College Park, MD 20740

Plaintiff, through undersigned counsel, Blair & Lee, P.C., respectfully requests, pursuant to Rule 34

of the District of Columbia Superior Court Procedure Rules, that Defendant produce for inspection

and copying the documents described herein withing thirty (30) calendar days of service of this

request at the offices of Defendant's counsel or some other mutually agreeable location. Defendant,

at his option may respond by forwarding photo static copies of the documents requested to the office

of Plaintiff's counsel within that time, except that Defendant must label all documents (e.g., as

Exhibit A, B, C, etc.) and denominate in writing which document is responsive to which request.

## DEFINITIONS AND INSTRUCTIONS

These requests are subject to the following definitions and instructions:

a.    This document request is continuing in character so as to require you to propound information and/or documents before hearing or trial in this case.

b.    The term "document" or other form of the word means and includes the original, or if not extant or under your control, a copy (and/or other non-identical copies of):

1.    Any object and tangible thing, and

2.    Any material comprising, containing or exhibiting any written, printed, typed, recorded audio, video, computerized, digitized, or electronic information regardless of the medium on which it is stored or may be reproduced or accessed, or other information regardless of its physical form or medica, repository or carrier.

c.    The term "person" or other form of the word means and includes an individual and any business association, agency, organization or entity, whether or not for profit, of whatsoever type or form, whether Federal, State, local or private.

d.    The term "you" and "your" refer to St. Paul Travelers, the party upon whom the request is propounded, and said party's agents, servants, employees, representatives, designees, partners, members, associates, and, unless privileged, attorneys and other consultants.

e.    Unless otherwise indicated or implied, these requests refer to the time, place and circumstances of the occurrence which is the subject of these proceedings.

f.    If any document is responsive to these requests but is no longer in your possession, custody or control, identify the author or creator, the addressee, the date thereof, the type of document, the content of the document, the circumstances under which it left your possession, custody or control, and identify the person presently having possession, custody or control of the document.

g.    If, with respect to any document responsive to these requests, a claim of privilege is made, describe generally the document, identify the person presently having possession, custody or control fo the document, and set forth the basis for the claim of privilege.

## DOCUMENTS TO BE PRODUCED

### REQUEST NO. 1

1.    Provide a complete copy of Plaintiff's claim file.

### REQUEST NO. 2

2.    Provide copies of any manual, protocol, instruction booklet, or similar writing setting forth procedures for the investigation of such claims as the one submitted by Plaintiff and which gave rise to this litigation.

### REQUEST NO. 3

3.    Provide a copy of any investigative file relative to Plaintiff's claim as set forth in the Complaint.

### REQUEST NO. 4

4.    Copies of all statement taken relative to Plaintiff's claim as set forth in the Complaint.

### REQUEST NO. 5

5.    Copies of any expert opinion relating to any determination made by you relative to Plaintiff's claim as set forth in the Complaint.

### REQUEST NO. 6

6.    All documents relative to Plaintiff's claim as set forth in the Complaint.

### REQUEST NO. 7

7.    All written communications between your office and Plaintiff.

**REQUEST NO. 8**

8.    Copy of Plaintiff's insurance contract along with any amendments and/or subsequent and/or segments.

**REQUEST NO. 9**

9.    Copies of all documents relied upon by you in filing your Answer to the Complaint.

**REQUEST NO. 10**

10.    Copies of all documents relied upon by you in support of any affirmative defense.

**REQUEST NO. 11**

11.    All documents relied upon by you in answer to any interrogatory.

**REQUEST NO. 12**

12.    Copies of any lawsuits or complaints filed with the Commissioner of Insurance for the District of Columbia alleging breach of contract relative to a homeowner policy over the past ten (10) years.

Respectfully submitted,
BLAIR & LEE, P.C.

Walter L. Blair, Esquire

George H. Smith, Esquire
4701 Melbourne Place
College Park, Maryland 20740
(301) 474-4700



FIRST CLASS



THE LAW FIRM OF
**BLAIR & LEE, P.C.**
BLAIR PROFESSIONAL BUILDING
4701 MELBOURNE PLACE
COLLEGE PARK, MARYLAND 20740

To:
Corporation Service Company
1090 Vermont Avenue, N. W.
Suite 430
Washington, D. C. 20005

RETURN RECEIPT
REQUESTED

FIRST CLASS



CERTIFIED MAIL

7004 1160 0004 4532 1718

RETURN RECEIPT
REQUESTED