## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VITALIS NWANYANWU | * |
| Plaintiff | * |
| v. | *  Civil Case No.  1:05-CV-02453 - RMU |
| ST. PAUL TRAVELERS | * |
| Defendant | * |

\* * * * * * * * * * * * *

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, The Standard Fire Insurance Company, incorrectly sued herein as St. Paul Travelers ("Standard Fire"), by and through its undersigned counsel, in answer to Plaintiff's Complaint states:

1. Paragraph 1 of Plaintiff's Complaint contains only conclusions of law based upon the District of Columbia Code to which no response is required.

2. Upon information and belief, Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that it issued a homeowner's insurance policy to Plaintiff for the property located at 3617 New Hampshire Ave., NW, in Washington, D.C. Defendant denies the balance of the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant Standard Fire admits the allegations contained in Paragraph 4 of the Complaint, excepting the incorrect reference to "St. Paul Travelers".

## Answer to Count I – Breach of Contract

5. Defendant admits that it issued a homeowners policy to Plaintiff for the property located at 3617 New Hampshire Ave., NW, in Washington, D.C.

6. Defendant admits that the property in question was damaged, but denies it was destroyed as the result of the fire.

7. Defendant admits that in conjunction with Plaintiff's agent and public adjuster, it estimated the repairs for damage to the property at $67,730 at the full replacement cost and advised Plaintiff of this estimate and requested documentation for other portions Plaintiff's claim by letter dated June 28, 2004. Defendant otherwise denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that Plaintiff submitted a Sworn Statement in Proof of Loss dated June 24, 2005 stating that the actual cash value of the property was $600,000 and making a claim for $198,450.00 under his insurance policy; Plaintiff failed to submit supporting documentation demonstrating that the actual cash value of the property and his claim for $198,450. Defendant otherwise denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Upon information and belief, Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint further answering that it has made payment to the Plaintiff for all of the sums currently due him.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

WHEREFORE, Defendant Standard Fire, demands judgment against Plaintiff in its favor and such other and further relief as the Court deems proper.

### Answer to Count II – Negligent Infliction of Emotional Distress

12.    Defendant incorporates by reference Paragraphs 1-11 of its Answer.

13.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint; therefore, such allegations are denied.

14.    Defendant denies any breach of contract and lacks sufficient information to admit or deny the other allegations contained in Paragraph 14 of Plaintiff's Complaint; therefore, such allegations are denied.

15.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint; therefore, such allegations are denied.

16.    Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

WHEREFORE, Defendant Standard Fire, demands judgment against Plaintiff in its favor and such other and further relief as the Court deems proper.

### Answer to Count III – Negligence

17.    Defendant incorporates by reference Paragraphs 1-16 of its Answer.

18.    Defendant admits that it issued a homeowners insurance policy to Plaintiff for property within the jurisdiction of the District of Columbia. Defendant denies the balance of allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.    Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20.    Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21.    Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22.    Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

WHEREFORE, Defendant Standard Fire, demands judgment against Plaintiff in its favor and such other and further relief as the Court deems proper.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. St. Paul Travelers is not the proper defendant in this case.

3. Plaintiff's suit is barred by contributory negligence.

4. Plaintiff failed to comply with the provisions of its insurance policy upon which he seeks to recover in this case. Plaintiff's failure to comply with the provisions of his insurance policy constitute a breach of the contract relieving the issuer of any contractual obligation under the policy and barring Plaintiff's suit.

5. Plaintiff's suit is barred by accord and satisfaction due to Defendant's payment pursuant to the policy provisions.

6. Plaintiff's suit is barred by his intentional misrepresentation and/or concealment of facts relating to his claim.

7. Plaintiff's suit is barred by his failure to protect the property following the loss as required by the insurance policy under which he seeks to recover.

8. The allegations and other factual contentions concerning the actions by the parties in Plaintiff's Complaint have been knowingly made without evidentiary support.

10. Defendant reserves the right to assert other defenses to this claim which become known to it during the course of discovery in this matter.

Respectfully submitted,

_____/s/_____
V. TIMOTHY BAMBRICK, Fed. Bar No. 1186

_____/s/_____
BRETT A. BUCKWALTER, Fed. Bar No. 478382
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD  21202
Telephone:  (410)783-6300
Fax:  (410)783-6410
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this   28th   day of   December  , 2005, a copy of the foregoing Answer to Complaint was mailed, first class, postage prepaid, to:

Walter L. Blair, Esquire
George H. Smith, Esquire
Blair & Lee, P.C.
4701 Melbourne Place
College Park, MD  20740

*Attorneys for Plaintiff*

_____/s/_____
V. TIMOTHY BAMBRICK, Fed. Bar No. 1186

- 5 -