IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VITALIS NWANYANWU | * | |
| | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Civil Case No. 1:05-CV-02453 - RMU |
| | * | |
| ST. PAUL TRAVELERS | * | |
| | * | |
|     Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MOTION FOR ORDER COMPELLING APPRAISAL AS TO COUNT I OF PLAINTIFF'S COMPLAINT AND MOTION TO STAY PENDING APPRAISAL

Defendant, The Standard Fire Insurance Company, incorrectly sued herein as St. Paul Travelers ("Standard Fire"), by and through its undersigned counsel, pursuant to LCvR 7 files this Motion seeking an Order compelling appraisal as to Count I of Plaintiff's Complaint pursuant to the terms of an insurance policy between the Plaintiff, Vitalis Nwanyanwu, and Standard Fire, and requesting a stay of the underlying case pending appraisal, and support therein, states:

    1.    Standard Fire provided coverage to the Plaintiff for his property located at 3617 New Hampshire Avenue, Washington, DC 20010 ("the Property") under policy number 0B1661-948274484-633-1 ("the Policy"), with effective dates of August 13, 2003 though August 13, 2004. *See* The Policy, Form HO-3 (06-91), attached hereto as Exhibit A. On or about February 23, 2004, the Plaintiff incurred damages to the Property as a result of a fire, and notified Standard Fire thereafter.

    2.    On or about June 28, 2004, Standard Fire informed the Plaintiff that it had completed its evaluation of the building damage to the Plaintiff's Property. *See* June 28, 2004 Letter, attached hereto as Exhibit B. In cooperation with the Plaintiff's agent and public adjuster,

Standard Fire estimated the repairs for damages at $67,730.05 (Replacement Cost Value) less $18,629.88 for recoverable depreciation and less the Plaintiff's $500.00 deductible. *See id.* Thus, the estimate for repair damages was $48,600.17. This amount was agreed upon by the Plaintiff's adjuster and Standard Fire's adjuster. Standard Fire further paid the Plaintiff $14,250.00 for his additional living expenses.

     3.    Almost a year later, on June 24, 2005, the Plaintiff submitted a Sworn Statement in Proof of Loss that the cost to repair the Property would be $198,450.00. The Plaintiff, however, did not submit further documentation in support thereof.

     4.    On or about November 23, 2005, the Plaintiff filed the underlying suit against Standard Fire alleging Breach of Contract (Count I), Negligent Infliction of Emotional Distress (Count II), and Negligence (Count III). The primary dispute in this matter, however, involves the amount paid to the Plaintiff to cover the repair costs to his property, *i.e.*, Plaintiff and Standard Fire disagree as to the amount of loss.

     5.    As the parties have been unable to agree on the amount of the loss, Standard Fire requested on or about February 14, 2006 that the parties enter into appraisal. This request is pursuant to the conditions placed on the Plaintiff under the Policy, which contains the following provision:

> **SECTION I - CONDITIONS**
>
> **6. Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to

> select an umpire. The appraisers shall then set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of loss. If the appraisers fail to agree within a reasonable time, they shall submit their difference to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation shall be paid equally by you and us.

*See* The Policy, Exhibit A, at p. 13. Plaintiff declined the request to enter into appraisal.

6. Moreover, the Policy enjoins the Plaintiff from bringing suit unless there has been compliance with the provisions in the Policy. Specifically, the Policy states:

> **8. Suit Against** Us. No action shall be brought UNLESS THERE HAS BEEN COMPLIANCE WITH THE POLICY PROVISIONS AND THE ACTION IS STARTED WITHIN ONE YEAR AFTER THE OCCURRENCE CAUSING LOSS OR DAMAGE.[1]

*Id.* As such, the insured is required to comply with all the policy provisions, including submitting to appraisal. The District of Columbia Court of Appeals has interpreted a similar policy provision holding that the so-called "'no action' clause makes appraisal a condition precedent to a suit on the policy." *Roumel v. Niagara Fire Ins. Co.*, 225 A.2d 658, 660 (D.C. 1967). Additionally, the Court of Appeals for the Fourth Circuit has held that "appraisal provisions which bind the parties on 'the single issue of the amount of loss under a fire insurance policy, reserving all other issues for trial in court' long ago withstood due process challenges." *See High Country Arts & Craft Guild v. Hartford Fire Ins. Co.*, 126 F.3d 629, 633 (4th Cir. 1997) (citations omitted). Appraisal is used as "a method of ascertaining the amount of loss or

---

[1] Standard Fire, through this Motion, does not waive its right to assert further defenses, specifically the defense of suit limitations under the provision cited above. Standard Fire expressly reserves its right to argue that the Plaintiff failed to comply with the aforementioned Policy provision requiring him to bring suit within one year of the fire causing the damage.

damage and does not determine other issues such as liability and coverage." *Roumel*, 225 A.2d at 659.

    7.    The case *sub judice* concerns a basic disagreement over the amount of damages the Plaintiff was or should have been paid. Pursuant to express terms of the Policy, Standard Fire submits that Count I of the Plaintiff's Complaint should be determined through appraisal and pursuant to the contract between the parties. Standard Fire concedes that the remaining Counts of negligent infliction of emotional distress and negligence are not appropriate for appraisal; however, these Counts should be stayed pending appraisal.

    8.    Therefore, based on the fact that a disagreement exists concerning amount of loss to the Property, Standard Fire requests that this Court compel appraisal pursuant to the Policy so that the parties can proceed with full and final settlement of Count I.

WHEREFORE, Standard Fire respectfully requests that this honorable Court:

    A)    Issue an order compelling Plaintiff to proceed with appraisal as to Count I of the Plaintiff's Complaint to fully and finally settle the claim consistent with the terms of the appraisal clause in the Policy; and

    B)    Stay the underlying action pending appraisal.

Respectfully submitted,

_____/s/\_V. Timothy Bambrick\_\_
V. TIMOTHY BAMBRICK, Fed. Bar No. 1186


_____/s/\_Brett A. Buckwalter\_\_\_\_\_
BRETT A. BUCKWALTER, Fed. Bar No. 478382
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD  21202
Telephone:  (410)783-6300
Fax:  (410)783-6410
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21th day of February, 2006, a copy of the foregoing Motion for Order Compelling Appraisal as to Count I of Plaintiff's Complaint and Motion to Stay Pending Appraisal was mailed, first class, postage prepaid, to:

Walter L. Blair, Esquire
George H. Smith, Esquire
Blair & Lee, P.C.
4701 Melbourne Place
College Park, MD  20740

*Attorneys for Plaintiff*


_____/s/\_V. Timothy Bambrick\_\_
V. TIMOTHY BAMBRICK, Fed. Bar No. 1186

5