IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VITALIS NWANYANWU : <br> : <br> Plaintiff : <br> : Case 1:05-CV-02453-RMU <br> v. : <br> : <br> ST. PAUL TRAVELERS : <br> : <br> Defendant. : <br> _____: | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ORDER
COMPELLING APPRAISAL AS TO COUNT 1 OF THE COMPLAINT
AND MOTION TO STAY**

Plaintiff, Vitalis Nwanyanwu, by and through his attorneys, Blair & Lee, P.C., opposes Defendant's Motion to Compel Appraisal and to Stay and for cause states as follows:

1. The right to an appraisal is not mandatory under the policy issued to Plaintiff by Defendant, Standard Fire.

2. Due to the acts of Defendant, as set forth in the Complaint, Plaintiff was forced to sell the insured property in November 2005 for less than its true value.

3. The purchaser of the insured property has since rehabed the premises thus rendering an appraisal at this time impossible.

4. The Plaintiff, by way of photographs and testimony of witnesses, can prove that the estimated repairs for damages far exceeded the $67,730.05 Replacement Cost Value submitted by Defendant, Standard Fire.

5. Plaintiff's case would be prejudiced by being limited to an appraisal as the property is no longer in a condition relevant to this litigation.

6. The public adjuster referred to by Defendant in its motion had been terminated by

Plaintiff and was without authority to negotiate and agree to the Replacement Cost Value of the insured property.

    WHEREFORE, Plaintiff respectfully requests that Defendant's Motion to Compel Appraisal as to Count 1and to Stay be denied.

                                          Respectfully submitted,
                                          Blair & Lee, P.C.


                                          _____/s/_____
                                          Walter L. Blair, Esquire
                                          Bar No. 471057



                                          _____/s/_____
                                          George H. Smith, Esquire
                                          Bar No. 358866
                                          4701 Melbourne Place
                                          College Park, Maryland 20740
                                          (301) 474-4700
                                          *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VITALIS NWANYANWU | : | |
| | : | |
| Plaintiff | : | |
| | : | Case 1:05-CV-02453-RMU |
| v. | : | |
| | : | |
| ST. PAUL TRAVELERS | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL APPRAISAL AND TO STAY**

The controlling language of the Policy in regards to Defendant's Motion is the following:

**SECTION I - CONDITIONS**

**6. Appraisal.** <u>If you and we fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal</u>. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of loss. If the appraisers fail to agree within a reasonable time, they shall submit their difference to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation shall be paid equally by you and us.

The language of this provision is clearly not mandatory nor does it set an appraisal as the exclusive remedy of any dispute as it states that "either party can demand that the amount of the loss be set by appraisal. Further, Defendant failed to request an appraisal until after this litigation was

commenced and the insured property was sold. No appraisal, at this time, could accurately depict the extent of the fire damage nor the Replacement Cost value of the property. It is only by way of Discovery in this litigation including but not limited to the photographs taken by Plaintiff after the February 23, 2004 fire and testimony of witnesses to accurately ascertain the Replacement Cost Value of the property.

Defendant's reliance on *Roumel v. Niagara Fire Ins. Co.*, 225 A.2d 658 (D.C. 1967) is totally misplaced. In *Roumel*, unlike the case at bar, the insurer made demand for appraisal which the insured refused and then filed suit. Here, the Defendant, Standard Fire, never made a demand for an appraisal until after suit was filed and the subject premises was sold.

*Roumel* made it clear that in order for an insurer, in this case Standard Fire, to Stay litigation a demand for appraisal must have been made by the insurer prior to suit being filed. Therefore, Defendant's Motion to Compel Appraisal and to stay must be denied.

                                              Respectfully submitted,
                                              Blair & Lee, P.C.


_____/s/_____
Walter L. Blair, Esquire
Bar No. 471057


_____/s/_____
George H. Smith, Esquire
Bar No. 358866
4701 Melbourne Place
College Park, Maryland 20740
(301) 474-4700
*Attorneys for Plaintiff*

GHS/kw Vitalis opposition to motin for appraisal w6.wpd