IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VITALIS NWANYANWU | * |
| | * |
|     Plaintiff | * |
| | * |
| v. | *  Civil Case No. 1:05-CV-02453 - RMU |
| | * |
| ST. PAUL TRAVELERS | * |
| | * |
|     Defendant | * |

* * * * * * * * * * * * *

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR ORDER
COMPELLING APPRAISAL AS TO COUNT I OF THE COMPLAINT
AND MOTION TO STAY**

Defendant, The Standard Fire Insurance Company, incorrectly sued herein as St. Paul Travelers ("Standard Fire"), by and through its undersigned counsel, hereby files its Reply Memorandum in support of its Motion for Order Compelling Appraisal as to Count I of the Complaint and a Motion to Stay and, in support thereof, state:

**I.      Introduction**

The overwhelming position of courts throughout the United States is that "appraisal is an entirely appropriate means for settling the dispute, and is indeed the favored practice." *Ice City v. Ins. Co. of N. Am.*, 456 Pa. 210, 217, 314 A.2d 236, 240 (1973); *see Roumel v. Niagara Fire Ins. Co*, 225 A.2d 658 (D.C. 1967) (acknowledging the validity of appraisal provisions in the Court's discussion regarding suit limitations). In fact, some states statutorily mandate that appraisal provisions be included in insurance contracts. *See, e.g.*, VA. CODE ANN. §38.2-2105. Furthermore, the submission of damage disputes to appraisal promotes judicial economy and conserves court resources.

In accordance with the provisions of the policy of insurance between the Plaintiff and Standard Fire (hereinafter the "Policy"), appraisal has been properly demanded by the Defendant. Appraisal has not been waived by Standard Fire merely because Plaintiff brought suit prior to the insurer's demand. In fact, the timing of the appraisal demand is reasonable given the fact that the Plaintiff did not submit his Proof of Loss until June 24, 2005, almost a year and half after the fire which caused damage to his property. Suit was filed only six months later, during which time Standard Fire was evaluating Plaintiff's claim, communicating with Plaintiff without response, and attempting to bring the matter to resolution. Moreover, although Plaintiff alleges he will be prejudiced by an order requiring appraisal, he has only been prejudiced by his own delay in submitting the Proof of Loss. The sale of the Property, a reason advanced by Plaintiff as prejudicial to his case, will not affect the appraisal as damages can still be ascertained.

For these reasons and in order to resolve the issue of damages regarding this claim, Standard Fire requests an order compelling appraisal under the Policy. It is in both parties interest, despite the arguments by Plaintiff.[1]

> **II.    Standard Fire was not required to demand appraisal prior to suit being filed, and its demand after filing of suit did not constitute a waiver of its right under the Policy.**

Plaintiff asserts that in order for Standard Fire to stay litigation, a demand for appraisal must have been made prior to suit being filed, and that because Standard Fire did not so demand,

---

[1] Appraisal determines damages only. Because the parties have reached an impasse regarding the amount of damages and solely for the purposes of this motion, Standard Fire is willing to admit coverage under the policy as to Count I of Plaintiff's complaint and focus solely on the value of the Plaintiff's claim under Count I. Should this Motion to Compel Appraisal be denied or otherwise overruled, Standard Fire reserves the right to assert all available coverage defenses at the trial of this matter. Not only will the plaintiff suffer no prejudice by this appraisal, but he also will be saved the burden and expense of proving that he is entitled to coverage under the Policy of Insurance.

it essentially waived its right to appraisal. *See* Plaintiff's Memorandum of Points and Authorities in Support of its Opposition, at 2. Plaintiff construes the *Roumel* case as holding that a demand for appraisal must be made prior to the instigation of suit; however, no where in that case does it mention that the demand for appraisal must precede suit. 225 A.2d 658. Plaintiff does not provide a citation for its assertion, and the case clearly does not support such a contention.

Moreover, courts have held that the fact that the insured has filed suit against the insurance carrier concerning the loss does not in and of itself dictate whether the insurer has waived its right to appraisal. For example, in *Kester v. State Farm Fire & Cas. Co.*, 726 F. Supp. 1015, 1019 (E.D. Pa. 1989), the court pointed out that the appraisal policy, like the one in the instant case, made no provisions for a time when appraisal must be requested. The court, applying Pennsylvania law, held that when there is no time stated in the contract, appraisal must be completed within a reasonable time. *Id.* at 1019. In that case, eight months had passed between the insurer's awareness of the plaintiff's loss and its request for appraisal. The court, in assessing the circumstances of the case, held that this delay was reasonable and the there was no prejudice to the insured in the request for appraisal after the institution of the suit. *Id.* at 1019-1020.

In *Keesling v. W. Fire Ins. Co.*, 10 Wash. App. 841, 520 P.2d 622 (1974), the carrier did not demand appraisal until two months after the insured had filed suit. The court, in analyzing this issue, stated:

> When a policy of insurance containing an appraisal clause does not expressly or impliedly limit the time within which a demand for appraisal must be made, it is inferred that the parties contemplated that such demand must be made within a reasonable time after disagreement has arisen as to the amount of loss.

*Id.* at 849, 520 P.2d at 627 (citing 6 APPLEMAN, INS. LAW AND PRACTICE § 3926 (1942); 14 COUCH ON INS. 2d § 50.76). The court found the insurance company's delay did not constitute a waiver of the appraisal clause because as recently as two months prior to the insured filing suit, the items of loss and amounts attributable to each item were unresolved. *Id.* at 848, 520 P.2d at 627. This, according to the court, justified delay in demanding appraisal. The court also pointed out that the insured's election to file suit could not work to deprive the insurer of its right to appraisal under the policy. *Id. (*citing *Hanby v. Md. Cas. Co.*, 265 A.2d 28 (Del.1970)).

Finally, in *Appalachian Ins. Co. v. Rivcom Corp.*, 130 Cal. App. 3d 818, 825, 182 Cal. Rptr. 11 (1982), the court found that a delay in demanding appraisal of less than five months after receipt of the proof of loss did not constitute a waiver of the right to appraisal.

Therefore, under the facts of the case *sub judice*, Standard Fire's appraisal demand, which came after Plaintiff filed suit, is not a reason to deny the Motion to Compel Appraisal. The timing of the demand was reasonable in light of the circumstances of this matter.[2] Specifically, almost a year and a half after the loss occurred, the insured submitted his Proof of Loss, which differed significantly from the amount determined a year prior with the cooperation of the Plaintiff's agent and public adjuster. Furthermore, suit was brought only five months after Plaintiff submitted this Proof of Loss. From the date that the Plaintiff submitted Proof of Loss until he filed suit, Standard

---

[2] The following outlines the timeframe regarding this claim:

| Date | Event |
|---|---|
| Feb. 23, 2004 | Plaintiff incurred damages to the Property as a result of a fire, and notified Standard Fire thereafter. |
| June 28, 2004 | Standard Fire informed Plaintiff that it had completed its evaluation of the building damage to the Plaintiff's Property. |
| June 24, 2005 | Plaintiff submitted a Sworn Statement in Proof of Loss. The Plaintiff, however, did not submit further documentation in support thereof. |
| Nov. 23, 2005 | Plaintiff filed the underlying suit. |
| Feb. 14, 2006 | Standard Fire requested that the parties enter into appraisal. |

Fire had requested additional document to evidence Plaintiff's claim. Plaintiff did not respond to Standard Fire's requests. Up until suit was filed, Standard Fire was attempting to settle this claim; however, without the Plaintiff's cooperation, this was difficult to achieve. Once suit was filed, Standard Fire properly responded to the Complaint and in light of the circumstances – that the parties had come to an impasse regarding damages – requested appraisal on February 14, 2006. Based on the foregoing case law, such request for appraisal after litigation was instigated was reasonable in light of the circumstances.

### III.    Plaintiff has not been prejudiced by Standard Fire's actions.

While the right to appraisal may be waived by either party, the general rule is no waiver exists unless the non-demanding party suffers prejudice. *See, e.g., Monroe Guaranty Ins. Co. v. Backstage, Inc.*, 537 N.E.2d 528, 529 (Ind. App. 1989) (citation omitted); *see also Kester*, 726 F. Supp at 1019-20. Plaintiff asserts that he was forced to sell the Property in November 2005 for less than its true value.[3] *See* Plaintiff's Opposition, at 1 ¶ 2. Plaintiff further claims that the case "would

---

[3] Plaintiff is essentially claiming damages relating to "lost profits" on the sale of the Property. This, however, is irrelevant under the Policy and Plaintiff is not entitled to lost profits. Specifically, the Policy only covers buildings at "replacement cost." *See* Policy, Exhibit A attached to Defendant's Motion to Compel Appraisal, at p. 12, ¶ 3(c) regarding Loss Settlement. The Policy states:

> **3. Loss Settlement**. Covered property losses are settled as follows:
> ***
> **c.** BUILDINGS UNDER COVERAGE A OR B AT REPLACEMENT COST WITHOUT DEDUCTION FOR DEPRECIATION, SUBJECT TO THE FOLLOWING:
>
> **(1)** IF AT THE TIME OF LOSS THE AMOUNT OF INSURANCE IN THIS POLICY ON THE DAMAGED BUILDING IS 80% OR MORE OF THE FULL REPLACEMENT COST OF THE BUILDING IMMEDIATELY PRIOR TO THE LOSS, WE WILL PAY THE COST OF REPAIR OR REPLACEMENT, WITHOUT DEDUCTION FOR DEPRECIATION, BUT NOT EXCEEDING THE SMALLEST OF THE FOLLOWING AMOUNTS:
>
> **(a)** THE LIMIT OF LIABILITY UNDER THIS POLICY APPLYING TO THE BUILDING;
>
> **(b)** THE REPLACEMENT COST OF THAT PART OF THE BUILDING DAMAGED FOR EQUIVALENT CONSTRUCTION AND USE ON THE SAME PREMISES; OR

be prejudiced by being limited to an appraisal as the property is no longer in a condition relevant to this litigation." *Id.* at 1 ¶ 5. Plaintiff, however, in the same regard claims that "by way of photographs and testimony of witnesses, can prove that the estimated repairs for damages far exceeded the $67,730.05 Replacement Cost Value submitted by the Defendant, Standard Fire." *Id.* at 1 ¶ 4.

First, Plaintiff voluntarily sold the property in November 2005 while the claim with Standard Fire was still pending. This was only five months after the Proof of Loss was submitted, during which time Plaintiff had been asked to provide additional documentation. Plaintiff's own action in selling the property cannot be held against Standard Fire.

Second, Plaintiff cannot assert prejudice as he admits that there is evidence of the damage, *i.e.* photographs, which can be taken into account by the umpire selected for appraisal. Access to the Property is not necessary at this point. Accordingly, there is no prejudice to Plaintiff despite his argument otherwise.

---

**(c)** THE AMOUNT ACTUALLY AND NECESSARILY SPENT TO REPAIR OR REPLACE THE DAMAGED BUILDING.

**(2)** IF AT THE TIME OF LOSS THE AMOUNT OF INSURANCE IN THIS POLICY ON THE DAMAGED BUILDING IS LESS THAN 80% OF THE FULL REPLACEMENT COST OF THE BUILDING IMMEDIATELY PRIOR TO THE LOSS, WE WILL PAY THE LARGER OF THE FOLLOWING AMOUNTS, BUT NOT EXCEEDING THE LIMIT OF LIABILITY UNDER THIS POLICY APPLYING TO THE BUILDING;

**(a)** THE ACTUAL CASH VALUE OF THAT PART OF THE BUILDING DAMAGED; OR

**(b)** THAT PROPORTION OF THE COST TO REPAIR OR REPLACE, WITHOUT DEDUCTION FOR DEPRECIATION, OF THAT PART OF THE BUILDING DAMAGED, WHICH THE TOTAL AMOUNT OF INSURANCE IN THIS POLICY ON THE DAMAGED BUILDING BEARS TO 80% OF THE REPLACEMENT COST OF THE BUILDING.

**IV.     Conclusion**

Standard Fire's demand for appraisal is reasonable, timely, and pursuant to the terms of the Policy. Further, proceeding to appraisal will not prejudice Plaintiff. In fact, if the parties proceed to appraisal as to Count I of the Complaint, Plaintiff need not prove liability as to that Count because appraisal focuses solely on the value of the claim. Appraisal will save the burden and expense of proving that Plaintiff is entitled to coverage under the policy. Appraisal is in the interest of both parties and is proper under the Policy.

WHEREFORE, Standard Fire respectfully requests that this honorable Court:

A) Issue an order compelling Plaintiff to proceed with appraisal as to Count I of the Plaintiff's Complaint to fully and finally settle the claim consistent with the terms of the appraisal clause in the Policy; and

B) Stay the underlying action pending appraisal.

Respectfully submitted,

_____/s/_____
V. TIMOTHY BAMBRICK, Fed. Bar No. 1186


_____/s/_____
BRETT A. BUCKWALTER, Fed. Bar No. 478382
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD  21202
Telephone:  (410)783-6300
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VITALIS NWANYANWU | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *   Civil Case No.  1:05-CV-02453 - RMU |
| | * |
| ST. PAUL TRAVELERS | * |
| | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**REQUEST FOR HEARING**

Defendant, The Standard Fire Insurance Company, incorrectly sued herein as St. Paul Travelers, by and through its undersigned counsel, hereby requests a hearing on its Motion For Order Compelling Appraisal as to Count I of the Complaint and Motion to Stay.

Respectfully submitted,

_____/s/_____
V. TIMOTHY BAMBRICK, Fed. Bar No. 1186


_____/s/_____
BRETT A. BUCKWALTER, Fed. Bar No. 478382
Niles, Barton & Wilmer, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD  21202
Telephone:  (410)783-6300
Fax:  (410)783-6410
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5<u>th</u> day of <u>April</u>, 2006, a copy of the foregoing **Reply Memorandum in Support of Defendant's Motion For Order Compelling Appraisal as to Count I of the Complaint and Motion to Stay, and Request for a Hearing** was served via electronic filing upon:

Walter L. Blair, Esquire
George H. Smith, Esquire
Blair & Lee, P.C.
4701 Melbourne Place
College Park, Maryland  20740

*Attorneys for Plaintiff*


_____/s/_____
V. TIMOTHY BAMBRICK, Fed. Bar No. 1186